IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AARON KNOPE,

        Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.

ORDER

17-cv-57-slc

---

On July 5, 2017, the court granted the parties' joint motion to remand this case for further proceedings before an administrative law judge, pursuant to sentence four of 42 U.S.C. § 405(g). *See* dkts. 11 & 12. On September 29, 2017, the court accepted the parties' stipulation on fees under the Equal Access to Justice Act and awarded plaintiff attorneys' fees in the amount of $4,001.11. *See* dkts. 14-19. After further administrative proceedings, the Commissioner awarded plaintiff benefits, including $85,737.00 in past-due benefits. Plaintiff's lawyer, Curtiss Lein, now seeks approval under 42 U.S.C. § 406(b) of fees in the amount of $15,343.25, pursuant to his 25% contingency fee agreement with plaintiff.[1] Dkt. 20.

An attorney who succeeds in obtaining benefits for a social security claimant may recover fees pursuant to 42 U.S.C. § 406. Section 406(a) governs fees for representation in administrative proceedings before the Social Security Administration ("SSA"); § 406(b) controls fees for representation in federal court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). The statute provides for a "reasonable fee" not to exceed 25% of the past-due benefits awarded to the claimant. *Id*. at 795 (citing 42 U.S.C. § 406(b)(1)(A)). Such fees are deducted from the claimant's retroactive benefits; they do not constitute an award against the government. *Id*. Where, as here, the attorney

---

[1] This amount is less than 25% of plaintiff's past-due benefits because it is adjusted to reflect a $6,000 payment that Lein already received for his work at the administrative level under 42 U.S.C. § 406(a).

was previously awarded fees from the government under the EAJA, the EAJA award offsets the allowable fee under § 406(b). *Id*. at 796. Thus, where attorney's fees are awarded under both § 406(b) and the EAJA, the attorney is entitled to keep the larger fee but must return the smaller fee to the claimant. *Id*.

In *Gisbrecht*, the Supreme Court found nothing in the text or history of § 406(b) to suggest that Congress intended to displace contingent-fee agreements "as the primary means by which fees are set for successfully representing Social Security benefits claimants in court," but only that it wanted courts to serve as "an independent check" to ensure that such agreements "yield reasonable results in particular cases." *Id*. In assessing reasonableness, lower courts should not use the lodestar method used for assessing fees against the losing party but rather should determine whether "the fee sought is reasonable for the services rendered," taking into account factors such as the character of the representation, results achieved, any attorney-created delay, and whether the award would be a windfall for the attorney. *Id*. at 806-08.

The fee requested by Attorney Lein in this case is reasonable. Lein is an experienced social security attorney who obtained excellent results for his client, securing a stipulated remand that ultimately led to a monthly benefit award to plaintiff of $1,268 and past-due benefits of nearly $86,000, not to mention Medicare eligibility. Although an award of approximately $15,000 for 21.2 hours of work is on the high side (it translates to an hourly rate of $723), it is not outside the range of awards granted in similar cases. *See Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded representative fees with hourly rates ranging from $400 to $1,500). Moreover, as in all social security cases, there was a high risk that Lein would recover nothing. *See Martinez v. Astrue*, 630 F.3d 693, (7th Cir. 2011) (discussing a study

2

finding 65.05% of Social Security appeals resulted in an affirmance of the denial of benefits). Finally, neither Knope nor the Commissioner opposes the motion. *See* dkts. 20-5 & 24. Accordingly, the court will grant Lein's motion for attorney fees in the amount of $15,343.25 and direct that he refund to plaintiff the amount of the EAJA fee, or $4,001.11.

## ORDER

It is ORDERED that plaintiff's motion for attorney fees pursuant to 42 U.S.C. § 406(b), dkt. 20, is GRANTED. The court approves a representative fee award of $15,343.25 to be payable to plaintiff's attorney, Curtiss Lein, out of plaintiff's past-due benefits. Lein is directed to refund to plaintiff the amount of the EAJA fee, or $4,001.11, not later than November 6, 2018.

Entered this 7th day of September, 2018.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge